WILLIAM C. REDDY, DEFENDANT IN ERROR, v. MARCUS A. BROWN, PLAINTIFF IN ERROR.

Argued July 6, 1899—Decided November 20, 1899.

The court charged that the plaintiff, who was not an attorney-at-law of this state, could not recover for taxed costs or for any services that inhered in the office of attorney. Later in the charge, with respect to certain exhibits, the jury was told that if an account had been adjusted so that a promise to pay on the part of the defendant might be found,

the plaintiff would be entitled to rely on that promise. There were services and questions of amount to which this language correctly applied. *Held,* that the express charge of the law of the case as to taxed costs and services as an attorney was not withdrawn or superseded by the general expression of the latter clause, and that, the court's attention not having been called to the possible ambiguity, the judgment will not be disturbed.

On error to the Supreme Court.

For the plaintiff in error, *Ephraim Cutter.*

For the defendant in error, *Colie & Swayze.*

The opinion of the court was delivered by

GARRISON, J.   This action is brought to recover for services rendered in litigation and otherwise both in New York and in New Jersey.   The plaintiff is a lawyer practicing in New York, and is not an attorney or counsellor in New Jersey. The nature of the testimony led the trial court to charge the jury as to the law of New York and of New Jersey with respect to the right of a counsellor to recover for his services, and of an attorney of this state for his.   The jury were also correctly informed as to the rule with regard to taxed costs. To all of which no exception was taken.   There being some contention as to the amounts charged and as to the sums paid on account, the judge at the close of his charge referred to certain statements in writing which were exhibits in the cause, and said : " Well, you have all these accounts.   If the account has been adjusted so that you may find a promise to pay on the part of this defendant, why, the plaintiff would be entitled to rely on that promise."   To this language an exception was sealed for the defendant, who now relies solely upon it for a reversal of the judgment against him.

If this paragraph were the whole of the charge, there would be something in the criticism now made, viz., that the plaintiff was permitted to recover for taxed costs if the defendant had adjusted the amount and promised to pay it.   The jury, how-

ever, had just been expressly told that " with regard to taxed costs or to services rendered by the plaintiff in this state, which are such as inhere in the office of attorney, the plaintiff is debarred from recovery."

There is nothing in the language of the bill of exceptions to indicate the withdrawal of this plain statement of the law of the case, nor was the court's attention called to any such possible ambiguity as is now urged. These were services to which this language correctly applied. We must assume, therefore, that the jury took the whole charge and found no verdict for services for which the plaintiff was debarred from a recovery.

Under the bill of exceptions the assignment appears to be devoid of merit. The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, GARRISON, LIPPINCOTT, GUMMERE, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.    11.

*For reversal*—None.